## POLK v. WILLIAMS.

### (*Jackson.* April 29, 1899.)

ESTOPPEL. *Exists, when.*

A person, who, by accepting an order of indefinite amount and giving assurance that at least $100 would be realized thereon, induced the payee to dismiss his suit against the maker, is estopped to deny liability to the payee for at least one hundred dollars.

Cases cited and approved: Merriwether *v.* Larmon, 3 Sneed, 447; Spears *v.* Walker, 1 Head, 166; Phillips *v.* Hollister, 2 Cold., 277; Bankhead *v.* Alloway, 6 Cold., 75; Ruffin *v.* Johnson, 5 Heis., 609.

FROM SHELBY.

Appeal from the Chancery Court of Shelby County. LEE THORNTON, Ch.

PIERSON & EWING and R. P. CARY for Polk, Spinning & Co.

W. B. GLISSON for Williams.

WILKES, J. The suit in this case is brought on the following order and acceptance:

"MEMPHIS, TENN., Aug. 13, 1897.

"For value received I have this day bargained and sold and transferred to Polk, Spinning & Co.

any and whatever interest I now have in and to the profits of the business of Evander Williams & Co., and this transfer is intended by me to operate as an order on said Evander Williams & Co. for whatever may be due from them or which may hereafter become due me by or through them. This does not include indebtedness due arising from cot ton or cotton sales.

"Witness my hand, etc.

"(Signed)   B. G. WEST.

"We accept the above order and agree to pay Polk, Spinning & Co. whatever is now due or may hereafter become due by or through us to the said B. G. West.      (Signed) EVANDER WILLIAMS."

The order arose out of this state of facts: West was owing Polk, Spinning & Co. $260 and was insolvent. Williams and West had been partners in selling farm implements on a credit and on which they were to receive a commission or profits. These profits were to be divided, two-thirds to Williams and one-third to West. This arrangement continued until about August 1, 1897, when West withdrew. About this time an interview was had between Polk and Williams, in which Williams made a statement about his accounts with West.

Williams' version is that he told Polk, on Polk's inquiry, that West had quit him, and he thought he would owe him something, perhaps $50 or $100, but he could not tell what until the business was

settled, and it depended on that settlement whether he would owe him anything; that the sales had been made on a credit, with liberty to return the implements or exchange them.

Polk, Spinning & Co. brought suit before a Justice of the Peace, whereupon West gave the order referred to and Williams gave the acceptance, and the suit was thereupon dismissed at complainants' cost. Williams' version is that several applications were made to him to know what amount would be due West, but that he replied he could not tell until the books were closed up, and he told complainants finally, but before they brought this suit, that there was nothing due West, and proposed to exhibit the books, and was greatly surprised when the suit was brought, and that, as a fact, nothing was due West, nor would be on settlement.

The version given by complainants puts quite a different aspect to the case. Their insistence is that Williams, having fallen out with West, came to Polk and said, in substance, that he had at that time $100, or $110, due West in his hands, and would have on final settlement enough to pay their entire demand of $260. The decided weight of the testimony is in favor of complainants' version of the matter, and this is strengthened by the terms of the order and acceptance, and which, we think, clearly implies that there was an amount owing when the order was given and accepted, and that more would be owing when the final settlement was made.

The Chancellor gave judgment for $109.20 and cost, and both sides appealed and assigned errors, the defendant because any judgment was rendered, and the complainant because judgment was not rendered for the full amount of $260. We are satisfied with the result reached by the Chancellor. We think the proof fails to show what amount would be due on final settlement, and it appears no final settlement had been made when the bill was filed, but the proof is very clear and convincing that the defendant, Williams, stated before and when the order was drawn and accepted, that he had $100 in his hands at that time to which West was entitled, and upon the faith of this statement Polk, Spinning & Co. brought suit before a Justice of the Peace with a view of garnisheeing the defendant, and afterwards, upon the faith of this order and acceptance, and the assurance of defendant that he had this sum then in hand, dismissed the suit, paid the costs, and took the accepted order.

The rule laid down in *Coolidge* v. *Payson et al.*, 2 Wheaton, 62, is applicable, that a promise to accept a bill amounts to an acceptance to a person who has taken it on the faith of that promise, although the promise was made before the existence of the bill, and although it is taken by a person for a pre-existing debt.

Defendant is estopped to deny the statement that he had in his hands $100, a statement which led the complainant to bring the suit before the Justice

of the Peace and afterwards to accept the order and dismiss the suit. *Merriwether* v. *Larmon*, 3 Sneed, 447, 452; *Spears* v. *Walker*, 1 Head, 166; *Phillips* v. *Hollister*, 2 Cold., 277; *Bankhead* v. *Alloway*, 6 Cold., 75; *Ruffin* v. *Johnson*, 5 Heis., 609.

The judgment of the Court below is affirmed, and the cost of this Court will be divided equally. The costs of the Court below will remain as adjudged by that Court.